
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 18 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:13-cr-00003-1 |
| | ) | Criminal Action No. 5:13-cr-00005-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DIANE LYNN GETZ, | ) | By:  Hon. Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Diane Lynn Getz, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the motion as untimely filed.

I.

The court entered Petitioner's criminal judgment on November 7, 2013, sentencing her to, inter alia, 96 months' incarceration after Petitioner pleaded guilty to two crimes related to the distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner did not appeal.

Petitioner commenced this action no earlier than September 22, 2016. The court conditionally filed the motion, advised Petitioner that the motion appeared untimely, and gave her the opportunity to explain why the court should consider the motion timely filed. Petitioner argues that the § 2255 motion is timely filed within one year of November 1, 2015, which was the effective date for Amendment 794 of the United States Sentencing Guidelines.

II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456

U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in November 2013 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Petitioner had until November 2014 to timely file a § 2255 motion, but she did not file the instant motion until September 2016. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Petitioner argues that the motion should be considered timely filed because Amendment 794 was effective starting November 1, 2015. Consequently, Petitioner believes she has until November 1, 2016, to file the § 2255 motion. However, Amendment 794 does not trigger a limitations period in § 2255(f). Furthermore, an amendment to a sentencing guideline is not a "fact" that triggers § 2255(f)(4). See Whiteside v. United States, 775 F.3d 180, 183-84 (4th Cir. 2014) (recognizing changes in law do not constitute a "fact" under § 2255(f)(4)). Consequently,

2

Case 5:13-cr-00005-MFU-RSB   Document 31   Filed 11/18/16   Page 2 of 4   Pageid#: 284

§ 2255(f)(1) is the appropriate limitations period, and Petitioner filed the instant motion more than one year after her conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). The court does not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, the court finds that Petitioner filed the § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.

### III.

For the foregoing reasons, the motion to vacate, set aside, or correct sentence is dismissed. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 18th day of November, 2016.

/s/ Michael F. Urbanski

3

United States District Judge